# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL E. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-358-R |
| | ) |
| CALIFORNIA CASUALTY | ) |
| INDEMNITY EXCHANGE and | ) |
| REYNA LIEVSAY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant removed this case from the District Court of Cleveland County, Oklahoma, and Plaintiff filed a Motion to Remand (Doc. No. 7), seeking to return this case to its place of origin. Defendant responded in opposition to the motion and Plaintiff filed a reply in support of his position. Having considered the parties' submissions, the Court finds as follows.

Defendant relied upon this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 in removal of this action. In its Amended Notice of Removal, Defendant stated, "CCIE is an insurance exchange that maintains its headquarters in the State of California. California Casualty Insurance Exchange consists of four (4) insurance companies, all of which are headquartered in the State of California. None of the insurance companies which comprise CCIE are owned by the customers (ex. Plaintiff Miller). Thus, CCIE is a citizen of the State of California." Doc. No. 5, ¶ 4. In the motion to remand Plaintiff argues that because Defendant is a reciprocal insurance exchange it is an unincorporated association

and its citizenship is determined by its members, to include Plaintiff, a subscriber thereto. Defendant responds to the motion by arguing the Court should treat it like a corporation because although designed as a reciprocal insurance exchange, it closely resembles a corporation.

When a plaintiff files suit in state court and the federal district courts would have original jurisdiction over the action based on diversity of citizenship, a defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing that the case is properly in federal court. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). Federal courts strictly construe the removal statutes and resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982), because the removal statutes were intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). The parties agree the amount in controversy requirement of 28 U.S.C. § 1332 is met in this case and further concur that Defendant is an unincorporated association. They disagree, however, on whether Defendant should be deemed a citizen of Oklahoma for purposes of diversity because certain of its subscribers, including Plaintiff, are domiciled in Oklahoma. *See Sullivan v. Eaglestone Ranch Homeowners Ass'n*, No. 17-8067, 2018 WL 1224386, at *1 (10th Cir. Mar. 5, 2018)("[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of [each of] the individual members of the association.")(quoting *Jett v. Phillips & Associates*, 439 F.2d 987, 990 (10th Cir. 1971)). Defendant argues that it resembles a corporation, and it would be "asinine" to "give CCIE

status as a corporate entity to be sued and allow CCIE's activity and structure to mirror an actual corporation, yet on the other hand prevent CCIE from removing a case to federal court simply because an insured lives in the state in which the civil action was filed." Doc. No. 9, p. 8. Stated directly, however, "[a]s [CCIE] is not a corporation, it possesses its members' citizenship." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1015 (2016).[1] "For these unincorporated entities, we ... have adhere[d] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its] members." *Id.* (citations and quotations omitted). Thus, the question is whether Defendant's Notice of Removal sufficiently identifies its members and that none is a resident of Oklahoma so as to confer jurisdiction on this Court on the basis of diversity. The Court finds the filing lacking.

First, the Notice of Removal relies upon the fact that California Casualty Indemnity Exchange and its four subsidiaries are all headquartered in California. The headquarters of an unincorporated association is irrelevant to the determination of its citizenship. *See Lincoln Ben. Life Co. v. AEI Life,* LLC, 800 F.3d 99, 104 (3d Cir. 2015); *Alabama Power Co. v. Calhoun Power Co., LLC*, 2012 WL 6755061, *2 (N.D. Ala. Dec. 28, 2012). Furthermore, it is not sufficient to state that none of the comprising companies is owned by customers, without identifying who it purports are its members. Furthermore, Defendant's representation in the Notice of Removal is belied by its statement in its Annual

---

[1] Defendant acknowledges the amendment to § 1332 speaks only to cases under the Class Action Fairness Act, arguing "[h]owever, the issues dealt with by this statutory change are identical." As such, it is apparent to the undersigned that Congress could have altered the current legal landscape by extending the rule set forth in § 1332(d)(1) to unincorporated associations in all cases not just class actions. Congress did not choose to do so, and the undersigned cannot presume contrary intent by Congress.

3

Statement for the Year Ended December 31, 2017.

> The Company, as an exchange, is a special form of insurance organization that is not a corporation. While incorporated insurance companies are ultimately "owned" by their stockholders (who may or may not be policyholders), an insurance exchange is ultimately "owned" by its subscribers, all of whom are policyholders. Policyholders who buy insurance from the Company must first join and become "subscribers."

Doc. No. 7-1. In *Americold Realty Trust*, the Supreme Court noted "[d]espite our oft-repetition of the rule linking unincorporated entities with their "members," we have never expressly defined the term. But we have equated an association's members with its owners. . . ."136 S. Ct. at 1105. California Corp. Code § 18015(a) allows an unincorporated association to define "members" in its governing principles, and to the undersigned, the above language of the annual report indicates that Defendant includes its policyholders as "owners/members." Use of the term "join" in the final sentence above implies membership. *See* [www.merriam-webster.com/dictionary/join](www.merriam-webster.com/dictionary/join) ("to become a member of a group or organization"). Although reciprocal insurance companies have changed throughout history, as described by the court in *Lee v. Interinsurance Exch.*, 50 Cal. App.4th 694, 57 Cal. Rptr. 2d 798 (1996), this change does not alter the legal landscape that requires the Court to consider membership in assessing citizenship.

Defendant's arguments in support of diversity jurisdiction are largely premised on its desire for a change in the law. As noted by numerous courts, Congress must take the step of amending the law as it relates to the citizenship of unincorporated associations, outside the scope of the Class Action Fairness Act, before the Court can accept Defendant's contention that it should be treated like a corporation for citizenship purposes. Therefore,

and for the reasons set forth herein, Plaintiff's Motion to Remand is GRANTED.

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S. § 1447(c). Such an award is within the court's discretion. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004). Plaintiff argues he should be awarded fees as a result of Defendant's improper removal. The Court exercises its discretion not to award Mr. Miller his costs and fees, and finds that remanding the case is a sufficient remedy.

IT IS SO ORDERED this 29th day of May 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE